SUMMARY ORDER

Petitioner Zeng Guang Huang, a citizen of the People’s Republic of China, seeks review of an April 18, 2008 order of the BIA affirming the July 31, 2006 decision of Immigration Judge (“IJ”) Philip L. Morace denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Zeng Guang Huang, No. A98 723 225 (B.I.A. Apr. 18, 2008), aff'g No. A98 723 225 (Immig. Ct. N.Y. City, July 31, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA does not expressly “adopt” the IJ’s decision, but its brief opinion closely tracks the IJ’s reasoning, we may consider both the IJ’s and the BIA’s opinions for the sake of completeness. Wangchuck v. Dep’t of Homeland Sec., 448 F.3d 524, 528 (2d Cir.2006). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); Dong Gao v. BIA, 482 F.3d 122, 126 (2d Cir.2007). For applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant’s demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go “to the heart of the applicant’s claim.” 8 U.S.C. § 1158(b)(1)(B)(iii); see also Matter of J-Y-C-, 24 I. & N. Dec. 260, 265 (B.I.A.2007).
We find that the agency’s adverse credibility determination was supported by substantial evidence. For example, the agency properly noted that Huang’s demeanor during portions of his testimony suggested that he was trying to recall a script, not his actual experiences. See 8 U.S.C. § 1158(b)(1)(B)(iii) (providing that “a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant”). Moreover, the *718 agency properly found inconsistencies in the record concerning (1) the reason for Huang’s arrest in April 2004, and (2) whether, and when, his wife had an intrauterine device inserted by family planning officials. Under the REAL ID Act, these findings were sufficient to support the conclusion that Huang was not credible. See Xiu Xia Lin v. Mukasey, 534 F.3d 162, 167 (2d Cir.2008) (per curiam). Accordingly, the agency’s denial of asylum was not improper.
Because Huang’s withholding of removal and CAT claims were premised on the same factual predicate as his asylum claim, the adverse credibility determination was fatal to those claims as well. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.